# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CLYDE RICHARDS,** | : | **Case No. 1:03cv1532** |
| | : | |
| **Petitioner,** | : | **JUDGE KATHLEEN O'MALLEY** |
| | : | |
| v. | : | |
| | : | |
| **CHRISTINE MONEY,** | : | **ORDER** |
| **Warden** | : | |
| **Respondent.** | : | |

On July 22, 2003, *pro se* Petitioner, Clyde Richards ("Richards"), filed a petition for a *writ of habeas corpus* (Doc. 1) pursuant to 28 U.S.C. § 2254.  The case was referred to Magistrate Judge George J. Limbert (Doc. 6).  On October 27, 2003, Respondent, Christine Money, filed an Answer/Return of Writ ("Answer") (Doc. 11).  On January 12, 2004, Richards filed a Traverse (Doc. 22) to Money's Answer.  On March 31, 2004, Magistrate Judge Limbert issued a Report and Recommendation ("R&R") (Doc. 24) recommending that this Court deny Richards's petition and dismiss his case.  On April 12, 2004, Richards filed objections to the R&R (Doc. 25).

Having carefully reviewed the parties' submissions and the R&R, the Court agrees with the magistrate judge's ultimate conclusions that Richards' petition 1) contained an unexhausted claim (i.e., his fifth ground for relief), and 2) should be denied.  The magistrate judge's conclusion that Richards' petition is <u>absolutely</u>

unreviewable based on his failure to exhaust <u>all</u> of his asserted grounds for relief, however, is incorrect and necessitates the Court's further analysis below.  Indeed, the federal statute governing *habeas* cases expressly provides that "mixed petitions" (i.e., those containing both *exhausted* and *unexhausted* claims) can be reviewed by federal courts in limited circumstances.  For the reasons outlined further below, the Court finds that Richards' mixed petition is reviewable because his unexhausted fifth ground for relief is likely frivolous and his remaining grounds are either procedurally defaulted (i.e., grounds one and three) or without merit (i.e., grounds two and four) such that the entire petition should be denied.  Pursuant to 28 U.S.C. § 2254(b)(2), Richards' petition must, therefore, be **DENIED** and his case **DISMISSED.**

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The R&R accurately sets forth this case's factual and procedural background.  Accordingly, and in the interest of efficiency, the Court hereby adopts the R&R's articulation of the factual and procedural background.  To the extent necessary, if any, the Court will elaborate on factual or procedural issues it deems worthy of additional consideration.

## II.     STANDARD OF REVIEW

Because Richards filed his *habeas* petition on July 2, 2003, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")  governs this Court's review.  *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).[1]

---

[1]      The AEDPA applies if the petition was filed <u>after</u> the Act's <u>April 26, 1996</u> effective date.

### A.     Exhaustion Of Claims

Before coming to federal court, a petitioner first must assert (i.e., exhaust) each of his grounds for *habeas* relief in the state courts.  Failure to do so renders an affected ground "unexhausted," such that federal *habeas* review of that ground may be prohibited.  Prior to passage of the AEDPA, petitions asserting both exhausted and unexhausted grounds for relief – i.e., "mixed petitions" – were *per se* fatally defective <u>in whole</u> pursuant to the "total exhaustion rule" set forth in *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982).  The AEDPA, however, altered the *Rose* exhaustion doctrine, such that federal courts may now consider mixed *habeas* petitions in limited situations.

"In AEDPA, Congress . . . made clear that the only circumstance under which mixed petitions may be considered by a district court is where the court determines that the petition must be denied in its entirety." *Rockwell v. Yukins,* 217 F.3d 421, 424 (citing 28 U.S.C. § 2254(b)(2)).  Accordingly, if a mixed petition presents an unexhausted ground that is frivolous on its face, and the petition further fails to present any other properly asserted and/or meritorious ground, a federal court may review the mixed petition pursuant to 28 U.S.C. § 2254(b)(2).

### B.     Procedural Default

The procedural default doctrine bars federal review of a *habeas* ground for relief if the state courts below declined to address the merits of that ground because of the petitioner's noncompliance with state procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In that regard, when the last explained state court decision rests upon procedural default as an alternative ground, a federal district court is not required to reach the merits of a *habeas* petition's claims.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th

Cir. 1991).  Accordingly, any claim that the Court determines was procedurally defaulted in the state courts generally will not be reviewable in a federal *habeas* proceeding.

To determine whether a ground has been procedurally defaulted, a federal court must determine whether the state courts below addressed the ground's merits.  To make that determination, federal courts must rely on the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary.  *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991).  Applying this presumption, the Sixth Circuit established a four-step analysis in *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), to determine whether a ground has been procedurally defaulted.  The *Maupin* test requires federal courts to determine:

(1)    whether the petitioner failed to comply with an applicable state procedural rule;

(2)    whether the state courts actually enforced the state procedural sanction;

(3)    whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)    if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Exceptions to procedural default exist.  First, as referenced in the fourth *Maupin* factor, a procedurally defective ground may be rescued if the petitioner establishes "cause" for the default and "prejudice" that will result if the claim is not reviewed.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert denied*, 490 U.S. 1068 (1986).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the prejudice issue.  *Smith v. Murray*, 477 U.S. 527 (1986).

4

Procedural default may also be excused if the petitioner demonstrates that failure to consider the asserted ground will result in a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 751. A fundamental miscarriage of justice exists when one is convicted who is "actually innocent." *Coleman*, 501 U.S. at 750. "Actual innocence" means factual innocence, not legal innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). "A prototypical example of actual innocence in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer v. Whitley*, 505 U.S. 333 (1992).

C.    **Merits Analysis**

A federal court's review of the merits of a properly asserted ground for relief is governed by the AEDPA, which provides in pertinent part:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

After passage of the AEDPA, various circuit courts accorded differing interpretations to the standard of review applicable under § 2254(d).[2] In response to the nationwide variation accorded to the *habeas*

_____

[2] *Compare Green v. French*, 143 F.3d 865 (4th Cir.1998), *and Nevers v. Killinger*, 169 F.3d 352, 358 (6th Cir. 1999), *with Long v. Humphrey*, 184 F.3d 758 (8th Cir.1999), *and Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir. 1999).

5

*corpus* standard of review, the Supreme Court elaborated on the meaning of the AEDPA's statutory language, announcing that the recently revised *habeas* statute "places a new <u>constraint</u> on the power of a federal *habeas* court to grant a state prisoner's application for a *writ of habeas corpus* with respect to claims adjudicated on the merits in state court." *Campbell v. Coyle*, 260 F.3d 531, 539 (6th Cir. 2001) (*quoting Williams v. Taylor*, 529 U.S. 362, 412 (2000) (emphasis added).

The Supreme Court clarified the language of § 2254(d)(1), and held that:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion <u>opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts</u>. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but <u>unreasonably applies</u> that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-413 (emphasis added). The Court offered additional guidance regarding the meaning of "unreasonable application." A state-court opinion can also engender the 'unreasonable application' of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." *Williams*, 529 U.S. at 409. Further, the Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was <u>objectively unreasonable</u>." *Id.* (Emphasis added). Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

6

Additionally, federal *habeas* courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). Similarly, a federal court is not free to ignore the pronouncement of a state appellate court on matters of state law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

## III.     THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The magistrate judge concluded that Richards failed to assert, or otherwise pursue, an available state court procedure, because he did not assert his fifth ground for *habeas* relief (i.e., ineffective assistance of appellate counsel) in the Ohio courts. The Court agrees with the magistrate judge's conclusion that Richards' fifth ground has not been exhausted. Having correctly determined that Richards did not exhaust that claim, the magistrate judge further concluded that Richards' petition is barred <u>as a whole</u> in accordance with the "total exhaustion" doctrine set forth in *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). Accordingly, the magistrate judge recommended that Richards' petition be denied, and his case dismissed. Based on that conclusion, the magistrate judge further concluded that  Richards' request for an evidentiary hearing (*see* Doc. 21) should be denied as moot.

As prefaced above, however, Richards' failure to exhaust his fifth ground for relief is not *per se* an absolute bar to this Court's review of his petition provided the Court finds that the entire petition, including the unexhausted ground, is deniable. *See* 28 U.S.C. § 2254(b)(2). Accordingly, absent some other procedural defect (e.g., procedural default), the Court can reach the merits of Richards' asserted grounds for relief if the unexhausted claim is obviously without merit, which is the case here. In that two of Richards' remaining four asserted grounds are procedurally defaulted, the Court only reaches the merits of two of the five asserted grounds – i.e., grounds two and four.

## IV.     DISCUSSION

Though the Court ultimately agrees with the magistrate judge's recommendation that Richards' petition should be denied, given his misapplication of *Rose v. Lundy*, further analysis of Richards' asserted grounds is necessary.  Richards' objections, which the R&R does not address because the issues were not squarely presented to the magistrate judge at the time the R&R was prepared, also warrant brief discussion.  Because they do not affect the Court's substantive analysis, the Court first addresses Richards' objections.

### A.     Richards' Objections To The R&R.

Richards' objections are limited in scope and do not challenge the magistrate judge's misuse of *Rose's* "total exhaustion" rule.  In the interest of justice, however, the Court does not consider that issue waived by Richards' failure to object on that basis, and the Court articulates the correct state of the law below.  Rather, Richards limits his objections to two other aspects of the exhaustion issue: 1) that the Respondent waived the exhaustion defense; and 2) that the Court cannot *sua sponte* consider the exhaustion defense.  Richards alternatively argues that, because this is an "exceptional" case, the Court should excuse his failure to exhaust one of his asserted grounds.  Notably, he does not affirmatively argue that he exhausted his fifth ground for relief; he merely asserts that the Respondent waived that defense, and that the Court is precluded from acknowledging the defense on its own.[3]  Neither of these objections are well taken, and, as further discussed

---

[3]     The only statement amid Richards' objections that *arguably* suggests that he believes he exhausted his fifth ground for relief appears in brackets and provides: "...after the State's Attorney General had knowingly and willfully waived any failure to exhaust defense, [if in fact, any such defense existed] in the answer/return writ...."  Richard does not, therefore, affirmatively challenge the argument that he failed to exhaust that ground.  Accordingly, and because the Court agrees that he did not completely exhaust that ground based on his failure to seek to have his appeal reopened *via* Ohio Appellate Rule 26(B) (presumably the reason the Supreme Court of Ohio denied review of his appeal as having been "improvidently accepted"), Richards' arguments here are limited to the objections identified above.

8

below, the Court finds that Richards' fifth ground for relief has not been exhausted based on the reasons articulated in the R&R.

In so far as the Court's denial of Richards' petition is not based on his failure to exhaust all of his asserted grounds for relief, his argument that a district court is prohibited from considering the exhaustion defense *sua sponte* is irrelevant. Nevertheless, because the law does not support Richards' limited objections in any event, brief clarification is warranted. Richards' objections cite *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), for the overly broad proposition that a federal court's power to dismiss a *habeas* petition *sua sponte* <u>absolutely</u> expires once the court orders the respondent to answer the petition. Based on that proposition, Richards argues that this Court does not have the authority to dismiss his petition <u>on its own initiative</u> because it already ordered the Respondent to answer. Notwithstanding *Scott's* inapplicability based on its facts, Richards misstates the law, which specifically provides that federal courts have the authority to raise and consider the exhaustion defense *sua sponte*. *See Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004) (citing *Harris v. Reed*, 794 F.2d 1168 (6th Cir. 1986).

First, *Scott* is distinguishable. In *Scott*, a state petitioner untimely filed a *habeas* petition challenging his conviction for murder and other crimes. In his response, the respondent failed to assert a statute of limitations defense. The district court, however, addressed the timeliness issue *sua sponte* and dismissed the petition. On appeal, the petitioner argued that the statute of limitations defense had been waived and the district court did not have the authority, therefore, to consider it. The Sixth Circuit agreed that the respondent could, and indeed did, waive the statute of limitations defense because it is an affirmative defense rather than a jurisdictional requirement. The ultimate question on appeal, then, became whether a district court *sua sponte* can cure a respondent's waiver of <u>a statute of limitations defense</u>. The Sixth Circuit held that a district court's

inherent power to dismiss a *habeas* petition as an initial matter under Rule 4 of the Federal Rules Governing Section 2254 (i.e., *habeas* petitions) does not "amount to a power to cure *sua sponte* a party's <u>waiver of an affirmative defense</u>." *Scott*, 286 F.3d at 930. (emphasis added).

Scott is, therefore, distinguishable from the present case because it is limited to factual scenarios involving a waiver, and subsequent attempted "judicial cure," of a statute of limitations defense. The exhaustion doctrine, therefore, arguably falls outside *Scott's* limitation. This is especially true in light of Sixth Circuit case law that specifically addresses a district court's power to consider exhaustion *sua sponte*.[4]

Indeed, it is well-settled in the Sixth Circuit that courts may raise and consider *sua sponte* the exhaustion defense. *Clinkscale v. Carter*, 375 F.3d 430, 436-37 (6th Cir. 2004); *Harris v. Reed*, 794 F.2d 1168, 1170 (6th Cir. 1986). Though 28 U.S.C. § 2254(b)(3) specifically provides that the State can only waive exhaustion *via* an <u>express waiver through counsel</u>, Richards cites no case law for the proposition that a court's authority to consider exhaustion is affected by whether or not the State waived that defense. Irrespective of the fact the State may, under strict circumstances, waive the exhaustion defense, this Court's authority to consider and apply the exhaustion doctrine operates independently of any such waiver. Richards' argument that the Respondent waived the exhaustion defense is, therefore, irrelevant to this Court's independent determination as to whether the defense applies. Accordingly, though not as a basis for outright denial of Richards' petition, the Court's *sua sponte* determination that Richards' fifth ground has not been exhausted is well supported in law.

---

[4]Regardless, because the Respondent in this case did not *expressly* indicate an intent to waive the exhaustion defense, a waiver pursuant to 28 U.S.C. § 2254(b)(3) has not occurred. The Respondent's acknowledgment in her Answer of Richards' assertions in the state courts below, as they relate to procedural default, does not rise to the level of an "express waiver."

**B.      Richards' Petition Is "Mixed" But Remains Reviewable.**

For the reasons outlined in the R&R, and especially in light of Richards' failure to argue to the contrary,

the Court finds Richards' fifth ground for relief to be unexhausted.  As such, Richards' petition is a "mixed

petition" as defined by established Sixth Circuit law and is reviewable here only if the Court determines that

the entire petition should be denied.  See 28 U.S.C. § 2254(b)(2).  For the following reasons, the Court finds

Richards' fifth ground frivolous on its face; therefore, despite its "mixed" status, the petition is reviewable

pursuant to 28 U.S.C. § 2254(b)(2).

As further outlined in the R&R, Richards' fifth ground (i.e., ineffective assistance of appellate counsel)

stems from the trial court's consideration of three questions submitted by the jury.  Following trial counsel's

objection to one of the trial court's three answers, and the trial court's subsequent failure to read the answers

into the record, Richards argued in his direct appeal that he was prejudiced by the trial court's failure to

formalize its answers on the written record.  The Eighth District Court of Appeals ("Eighth District") ultimately

rejected Richards' underlying prejudice argument because the actual notes bearing the questions and answers

are part of the trial record and could be considered on their own.

Now, Richards asserts for the first time (i.e., unexhausted) that his appellate counsel was ineffective

because he did not challenge the Eighth District's conclusion that the notes were in fact part of the record.[5]

This argument attacks appellate counsel's failure to challenge a completely rational appellate court finding –

---

[5]In Ohio, a claim for ineffective assistance of appellate counsel is properly raised initially in an
application to reopen an appeal pursuant to Rule 26(B) of the Ohio Appellate Rules.  *See also State v.
Murnahan*, 63 Ohio St. 3d 60 (1992).  Accordingly, raising such an argument in a *habeas* petition or on
appeal to the Supreme Court of Ohio without having first pursued "reopening" under Rule 26(B), as is the case
here, constitutes a failure to exhaust.

11

i.e., that because the trial court's answers existed in the record in the form of written notes, no prejudice could result from the trial court's failure to reiterate that information orally for the transcript.  Richards does not claim that the trial court did not retain the notes, he seems only to quibble with the appellate court's conclusion that retained notes could constitute a portion of the "record."  The problem with Richards claim, however, is that the Eighth District made the factual determination that the trial court's notes actually existed and did not act unreasonably or outside the bounds of its authority when construing the scope of the record; under such circumstances, an objection by appellate counsel on that point would have been futile.  Accordingly, the Court finds that Richards' unexhausted fifth ground for relief is frivolous on its face and without merit despite not having been asserted below.  Pursuant to 28 U.S.C. § 2254(b)(2), therefore, and in light of the Court's ultimate conclusion that Richards' entire petition should be dismissed, the petition is reviewable despite its "mixed" status.

> ### C.    Grounds One And Three Of Richards' Petition Are Procedurally Defaulted.

Richards' first ground for *habeas* relief asserts that the trial court denied him a fair trial in violation of his Sixth and Fourteenth Amendment rights by giving an improper instruction to the jury.  In sum, he argues that the trial court incorrectly defined the elements of the crimes for which he was convicted.  Richards' third ground for relief asserts that the trial court denied him due process by answering questions posed by the jury in his absence and failing to articulate the answers orally for the record.

Respondent's Answer correctly argues that Richards' first and third grounds for relief are procedurally defaulted and are, therefore, not reviewable here.  In his Traverse, Richards generally concedes that his asserted grounds are procedurally defaulted, but that the "cause and prejudice" exception applies to cure any procedural deficiency.  Similarly, he argues that he is "actually innocent" and that a fundamental miscarriage

12

of justice will result if this Court fails to review his asserted grounds.  In light of Respondent's accurate recitation of the law and procedural posture of this case relating to procedural default of grounds one and three, and given Richards' concession that several of his claims clearly bear procedural defects, the Court turns immediately to its consideration of the exceptions that Richards' argues apply.[6]  For the reasons that follow, no exception rescues these two grounds from procedural default.

### 1.    "Cause"

Richards argues that the "cause" for the procedural default of his first ground for relief (i.e., failure to contemporaneously object at trial) was his trial counsel's ineffectiveness.  Though the portion of his Traverse dedicated to the "cause" prong does not include a thorough "ineffective assistance" analysis pursuant to the legal standards set forth in *Strickland v. Washington*, 446 U.S. 668 (1984), it does reference Richards' fourth ground for relief, which does articulate – albeit unsuccessfully – a substantive *Strickland* claim. Accordingly, the Court considers Richards' fourth ground analysis in connection with the "cause and prejudice" exception here.

Because the Court ultimately reaches the merits of Richards' ineffective assistance of counsel ground for relief (i.e., his fourth ground), a more thorough analysis of the merits of that issue is outlined later in this opinion.  *See* Section D-2, *infra*.  In as much as the "cause" Richards asserts here for purposes of avoiding

_____

[6]Despite his general concession at the opening of his Traverse, Richard later errantly, and passively, argues that his third ground for relief cannot be procedurally defaulted because he was not aware of the proceedings at which the trial court entertained the jury questions and provided its responses – therefore, he argues that he could not object personally.  Richards' basic objection to those proceedings is that he was not present and the trial court failed to later read its answers into the record.  Richards' was represented by counsel, however, who was present during the proceedings and during all discussions relating to the jury questions.  As noted above, the questions and answers were made part of the trial record.  Richards, accordingly, had the opportunity to object through counsel at any aspect of those proceedings.

procedural default turns on a determination that his trial counsel was constitutionally ineffective, the Eighth District and this Court's conclusions on that issue – i.e., that Richards' trial counsel's performance <u>was not</u> constitutionally deficient and that Richards <u>was not</u> prejudiced – are determinative.  Accordingly, for the reasons outlined in greater detail *infra*, the Court finds that Richards has not demonstrated sufficient "cause" to avoid procedural default of his first ground for relief.

Richards also argues that his third ground (i.e., denial of his due process right to be present at all critical trial proceedings) cannot be procedurally defaulted *via* his failure to object because he was not physically present at the proceeding in question to raise such an objection.  The logic of that argument is fundamentally flawed, however, because Richards was represented by counsel at all trial proceedings.  At the proceeding in question – i.e., when the trial court entertained and answered questions from the jury – Richards' counsel was present and waived Richards' presence rather than objecting to his absence.  Accordingly, Richards (through counsel) failed to object, thereby thrusting the substance of his now-asserted "denial of due process" claim into the realm of procedural default.  That being said, much like the purported "cause" for default of his first ground for relief – i.e., ineffective assistance of counsel – the Court presumes, though Richards certainly does not argue, that ineffective assistance of counsel serves as the only debatable cause for Richards' failure to object (through counsel) to his physical absence at certain trial proceedings.

Because Richards fails alternatively to argue the "cause and prejudice" exception as to his third ground, and given the Court's above references to its and the Eighth District's substantive analysis of Richards' ineffective assistance of counsel ground, *see infra*, the Court finds that Richards must, but cannot, establish "cause" for his procedural default of his third ground for relief.

14

Accordingly, and in light of the following analysis relative to the "prejudice" prong, neither Richards' first ground, nor his third ground, avoid being procedurally defaulted *via* the "cause and prejudice" exception. The Court, therefore, need not reach the merits of those grounds.

### 2. "Prejudice"

As previously noted, in the absence of sufficient cause, a reviewing court need not specifically address the "prejudice" issue. *Smith v. Murray*, 477 U.S. at 527. Having found Richards' "cause" argument lacking with regard to both his first and third grounds, the Court need not proceed with a prejudice analysis, to the extent that argument has even been asserted. Regardless, having thoroughly reviewed Richards' prejudice argument (as to his first ground), the Court finds that no "actual harm" will result if that claim is not heard because it does not present a meritorious basis for relief, as accurately determined by the state court below. The Court reaches the same conclusion, even in the absence of specific argument on the point, with regard to Richards' third ground.

Accordingly, Richards' first and third grounds for relief are procedurally defaulted and the Court cannot reach their merits.

### 3. "Actual Innocence"

Richards opens his Traverse by arguing that the constitutional violations asserted in his petition resulted in the conviction of an "innocent man." In so doing, he seeks to take advantage of the "actual innocence" catch-all exception to procedural default. If a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is "actually innocent," the cause and prejudice requirements relative otherwise procedurally defaulted grounds may be overlooked and *habeas* relief granted. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) ("[W]e think that in an extraordinary case, where a

15

constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").  For the following reasons, the actual innocence exception is inapplicable here and Richards' procedurally defaulted claims remain unreviewable by this Court.

As an initial matter, Richards only generally argues the "actual innocence" exception, but fails to assert it in connection with any specific grounds for relief.  The Court assumes, however, that he asserts the exception in connection with those grounds the Court has determined are otherwise procedurally defaulted – i.e., Richards' first and third grounds for relief.

Richards argues that "this is a case in which the [trial court's] failure to instruct the jury correctly has probably resulted in the conviction of one who is actually innocent."  *See* Doc. 22 at p. 5 (internal quotation marks omitted).  He does not challenge, however, specific evidence that was presented, nor does he claim that new exculpatory evidence exists demonstrating his innocence.  Rather, he merely argues that an inappropriate jury instruction caused his conviction.  Specifically, he takes issue with the trial court's instruction relating to attempted possession of marijuana, which the court gave in connection with the actual possession charge in the indictment.  He argues that the "attempt" instruction was erroneous – such that his conviction was necessarily flawed – and that the Eighth District's affirmance of his conviction was inappropriate because it was based "solely on the assumption that [the] jury did not base its verdict on the . . . [erroneous instruction]."  Though the Eighth District ultimately determined that the "attempt" instruction was flawed, its subsequent affirmance of Richards' conviction in any event was not clearly erroneous such that it is likely an innocent man was convicted.

16

In its December 16, 2002 Journal Entry and Opinion, citing applicable Ohio law on the issue, the Eighth District explained in detail that, despite the trial court's erroneous jury instruction on "attempt," Richards' conviction was not reversible because it could not be shown that the outcome of the trial clearly would have been different if the instruction had been properly worded. Here, Richards does not provide this Court with evidence or argument that the outcome would have been different; he only argues that the improper instruction necessarily corrupts the verdict because the jury *may* have relied on an incorrect standard in reaching its decision. Notwithstanding the fact that the law is clear that a verdict is not necessarily reversible in the presence of an erroneous instruction relating to a lesser included offense (e.g., attempted possession of marijuana as a lesser included offense of actual possession of marijuana), as noted by the Eighth District, Richards presents no evidence to support his conclusion that the jury improperly relied on the instruction to his detriment.

The Court agrees with the Eighth District's reasoned conclusion that it is not clear that the outcome of Richards' trial clearly would have been different in the absence of the erroneous "attempt" instruction. Accordingly, in that Richards has posited no evidence or argument of his innocence beyond the legal theory that a flawed jury instruction necessarily poisons a jury's verdict, the Court finds that a manifest miscarriage of justice will not result if the Court does not review the merits of Richards' first and third grounds for relief (i.e., those grounds that are otherwise procedurally defaulted). The "actual innocence" exception, therefore, does not apply to save from default Richards' first and third grounds and they remain procedurally defaulted and, therefore, unreviewable.

17

**D.     Grounds Two And Four Of Richards' Petition Are Without Merit.**

Given the foregoing, the Court only reaches the merits of Richards' second and fourth grounds for relief – i.e., insufficiency of the evidence (ground two) and ineffective assistance of counsel (i.e., ground four). As previously outlined, the AEDPA significantly restricts the Court's review and permits a grant of Richards' *habeas* petition only if the last reasoned state court decision on the grounds in question unreasonably applied clearly established federal law.  Because the Court finds that the Eighth District identified, and reasonably applied, the correct legal standards in connection with these grounds, Richards' second and fourth grounds for relief must be rejected and his petition denied.

**1.     Insufficiency of the Evidence (Ground Two)**

Richard argues that the jury lacked sufficient evidence beyond a reasonable doubt to convict him of possessing marijuana.  On direct appeal, the Eighth District relied upon *State v. Thompkins*, 78 Ohio St. 3d 380 (1997), and *State v. Jenks*, 61 Ohio St. 3d (1991), which provide that the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  These cases rely on the relevant corresponding federal law set forth in *Jackson v. Virginia*, 443 U.S. 307, 424 (1979).  Accordingly, the Eighth District identified the correct legal standard.

Applying that standard to the evidence adduced at trial, and affording the government the "most favorable light" inference, the Eighth District concluded that testimony was provided to the jury from which the jurors could reasonably find that Richards both attempted to physically possess the marijuana and/or constructively possessed the marijuana.  In sum, a witness testified that, at a warehouse, Richards identified

18

and claimed entitlement to two crates containing the marijuana in question.  From that alone, a juror could reasonably conclude that Richards possessed, actually or constructively, the contents of the crates.

Whether the jury acted irrationally, or the Eighth District incorrectly concluded that the jury acted rationally, are not questions applicable to a *habeas* review.  Rather, as outlined above, this Court is only faced with the question of whether the Eighth District acted unreasonably in reaching its conclusion – which, here, is that sufficient evidence existed to support the jury's verdict.  In light of the evidence presented at trial and the Eighth District's reasoned analysis of that evidence in relation to the correct legal standards, the Court cannot find that the Eighth District unreasonably applied the clearly established federal law set forth in *Jackson v. Virginia*, 443 U.S. 307, 424 (1979) (as applied by Ohio courts *via State v. Thompkins*, 78 Ohio St. 3d 380 (1997), and *State v. Jenks*, 61 Ohio St. 3d (1991)).  Accordingly, Richards' petition cannot be granted on the ground that the jury's verdict was based on insufficient evidence.

### 2.      Ineffective Assistance of Counsel (Ground Four)

Richards also argues that his trial counsel was ineffective because she failed:  1) to object to various alleged errors in the jury instructions; and 2) to insist that Richards be present during the proceedings at which the court considered and formulated answers to three questions submitted by the jury.  On direct appeal, the Eighth District correctly relied on *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth the well-settled two-part test for determining whether trial counsel is constitutionally ineffective, in reaching it decision.

Pursuant to *Strickland*, a defendant first must show that counsel's performance was "deficient," involving "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  This requires that counsel's conduct "fell below an objective standard of reasonableness," *Tucker v. Prelesnik*, 181 F.3d 747 (6th Cir.

19

1999), and that counsel's "identified acts and omissions were outside the range of professionally competent assistance." *Id*. at 690.  In making this determination, a court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that it is the defendant who "bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy." *Tucker*, 181 F.3d at 754 (internal citation omitted).  Courts must not view a trial in hindsight, however, but must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *See McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996).

Second, even if counsel's performance is deemed deficient, a defendant must show that those deficiencies were "prejudicial" to the defense. *See Strickland*, 466 U.S. at 692.  To make this showing, the defendant must demonstrate that there "is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Applying *Strickland*, the Eighth District concluded that Richards' trial counsel's performance was not constitutionally ineffective.  Because the AEDPA applies to this Court's review of any substantive ground for relief in this case, the Court ultimately assesses only the Eighth District's application of *Strickland* to determine whether that application was objectively reasonable, or not. *See Williams v. Taylor*, 529 U.S. 362 (2000). As previously noted, the AEDPA presents a heightened standard of review for federal courts and it is not enough alone that the Court disagree with the state court's rationale; it must find instead that the rationale was unreasonable in order for the *writ* to issue.

20

In reaching its decision, the Eighth District referenced its prior conclusions relative to the legitimacy, or illegitimacy, of certain jury instructions provided to the jury (to which Richards' counsel did not object, giving rise to "plain error" review on appeal) and the import of Richards' absence from the "proceeding" at which the jury questions were discussed (to which Richards' counsel similarly did not object). Given its conclusions on those issues, the Eighth District summarily concluded that neither deficient representation, nor prejudice as defined by *Strickland*, resulted from trial counsel's failure to object.

In light of the Eighth District's reasoning and conclusions relative to the underlying issues (i.e., that they were not objectionable or that, under a plain error review, reversal was unwarranted in any event), which serve as the basis for Richards' Sixth Amendment ineffective assistance of counsel claim here, the Court does not find that the state appellate court unreasonably applied the clearly established federal law relative to each of those issues, and certainly not *Strickland*. Clearly, the Eighth District contemplated these issues carefully and applied the relevant law with thoughtful consideration; it is not this Courts' place, in the absence of irrationality, to second guess the merit of that court's decision. Accordingly, Richards' petition cannot be granted on the ground that his trial counsel was ineffective.

### E.    Richards's Motion for Evidentiary Hearing Is Denied As Moot.

On January 12, 2004, Richards filed a Motion for Evidentiary Hearing (Doc. 21). In his motion, Richards argued that an evidentiary hearing is necessary because the state court record is incomplete and does not reveal facts necessary to a proper analysis of the merits of his *habeas* petition. In that the Court does not reach the merits of Richards' petition due to his failure to exhaust all of his asserted grounds for relief, Richards' request for an evidentiary hearing is **DENIED as moot**.

21

V.      **CONCLUSION**

Finding none of Richards' objections to the R&R meritorious, and that Richards' asserted grounds for relief are either unexhausted but frivolous (i.e., ground five), procedurally defaulted (i.e., grounds one and three) or not well taken on the merits in light of the strictures of the AEDPA (i.e., grounds two and four), the Court hereby adopts those portions of the R&R that are not inconsistent with this opinion and the magistrate judge's ultimate conclusion that Richards' petition be denied and his case dismissed.  Accordingly, Clyde Richards' petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and his case **DISMISSED.**

      **IT IS SO ORDERED.**

                                                    s/Kathleen M. O'Malley
                                                    **KATHLEEN McDONALD O'MALLEY**
                                                    **UNITED STATES DISTRICT JUDGE**
**Dated: May 18, 2005**

22